# UNITED STATES BANKRUPTCY COURT
# DISTRICT OF MINNESOTA

BKY No. 09-47844

In re:

Donna Jo Spangler,

       Debtor.

## MOVANT'S TRIAL MEMORANDUM

The Debtor filed a voluntary bankruptcy petition under Chapter 7 of Title 11 United States Code on November 19, 2009. The Debtor included the appropriate schedules ("Schedules") in her November 19, 2009 filing. Randall L. Seaver is the duly appointed and acting Trustee of the case. *See*, Stipulation, para. 2a. Debtor attended her Section 341 Meeting of Creditors("341 Meeting") on December 21, 2009. *See*, Stipulation para. 2c.

Debtor is the sole owner of a 2006 Hummer H3(the "Hummer"). During the 341 Meeting Debtor testified that she transferred a security interest in the Hummer to her brother Todd A. Spangler. *See*, Stipulation para 2d. Debtor transferred the security interest to Todd A. Spangler in October of 2009. *See*, Stipulation para. 2e. Debtor testified that the security interest was meant to secure debts which occurred prior to the year 2009. *See,* Stipulation para. 2f.

Upon inquiry concerning the security interest the Debtor provided the following testimony to the Trustee at the 341 Meeting:

    (Trustee)  Q:  … In October of this year you gave Todd Spangler a
                    security interest in the Hummer.

        (Debtor)  A:  I owed him money.
        (Trustee)  Q:  How much did you owe him?
        (Debtor)  A:  $19,000.00

*See*, Transcript of Debtor's 341 Meeting, Movant's Exhibit 4.  In the Schedules Debtor filed with the Bankruptcy Court on November 19, 2009, Debtors listed Todd A. Spangler as secured creditor, holding an interest of $19,000.00 in the Hummer. *See,* Debtor's schedule D, Movant's Exhibit 1.

    Debtor signed and submitted a signature declaration with her petition, schedules, and statements on November 19, 2009 affirming under penalty of perjury that information provided in the petition, schedules, and statements is true and correct.  *See*, Movant's Exhibit 2.  Debtor again testified to the veracity of her petition, schedules, and statements by providing the following testimony at her December 21, 2009, 341 Meeting:

        (Trustee)  Q:  Have you read the bankruptcy information sheet provided
                        by the U.S. Trustee?
        (Debtor)  A:  Yes, sir.
        (Trustee)  Q:  Did you sign the petition, schedules, statements and
                        related documents and e-filing declaration that were filed
                        with the Court?
        (Debtor)  A:  Yes.
        (Trustee)  Q:  Did you read those documents before you signed them?
        (Debtor)  A:  Yes.
        (Trustee)  Q:  Are you personally familiar with the information
                        contained in those documents?
        (Debtor)  A:  Yes.
        (Trustee)  Q:  To the best of your knowledge, is that information true
                        and correct?
        (Debtor)  A:  Yes, sir.
        (Trustee)  Q:  Are there any errors or omissions to bring to my or the
                        Court's attention?
        (Debtor)  A:  No.

*See*, Movant's Exibit 4.

    A Debtor is required to sign a signature declaration accompanying the filing of a

Chapter 7 petition and schedules affirming under penalty of perjury that the information contained in the documents is true and correct. In the instant matter, the Debtor signed a voluntary petition, schedules, and statement of financial affairs, all under penalties of perjury, the "written declarations [of which] have the force and effect of oaths." *In re Smith*, 161 B.R. at 992. Subsequently, she also testified under oath at her 341 Meeting affirming the veracity of her previously filed petition, schedules, and statements. The Debtor nor her attorney expressed doubt as to the scheduled value of the security interest when specifically questioned at the 341 Meeting. It was not until it became apparent that the Trustee would be able to successfully avoid the transfer of the security interest, and sell the 2006 Hummer, that the Debtor and her attorney asserted facts contradicting the schedules and prior §341 testimony. The Debtor now seeks to introduce a contradicting set of facts by way of an affidavit which conveniently allows the Debtor to retain substantially more than her prior testimony permitted.

      The Debtor cannot be allowed to introduce an affidavit which seeks to contradict her prior testimony. *Camfield Tires, Inc., v. Michelin Tire Corp.*, 719 F.2d 1361,1365-66 (8th Cir. 1983) ("A self-serving affidavit that contradicts earlier damaging deposition testimony is not sufficient to create a genuine issue of material fact… A party should not be allowed to create issues of credibility by contradicting his own earlier testimony."). The *Camfield* opinion clearly states that where the prior deposition testimony appears to be clear of confusion, a subsequent conflicting affidavit should not be admissible. *Id.*, at 1365-66. As shown in the testimony laid out above, the Debtor clearly understood what the Trustee was asking during the §341 meeting, and the Debtor stated without confusion that she owed her brother $19,000.00. *See*, Movant's Exhibit 4.

The Debtor should not be allowed to perjure herself in order to avoid the consequences of an anticipated preference action.

**FULLER, SEAVER & RAMETTE, P.A.**

Dated: March _11_, 2010        By:__/e/ Matthew D. Swanson_____
   Matthew D. Swanson            390271
   12400 Portland Avenue South, Suite 132
   Burnsville, MN 55337
   (952) 890-0888

   Attorneys for Randall L. Seaver, Trustee