## UNITED STATES BANKRUPTCY COURT

## DISTRICT OF MINNESOTA

_____

In re:                                                                                    BKY No. 09-47844

Donna Jo Spangler                                                            DEBTOR'S BRIEF

        Debtor.

_____

To the Trustee and other entities specified in local rule 9013.3

### Facts

The Debtor, Donno Jo Spangler, opposes the trustee's motion for an order of the court denying the claimed exemption in the 2006 Hummer.

The Debtor is a disabled veteran of the armed services of the United States. At the time her petition was filed, and at the present time, her only source of income is her Veteran's disability.

On or about April 12, 2006, she purchased a 2006 H3 Hummer (vehicle) for $36,863.52.

In August 2008, being unemployed, debtor entered into a loan agreement with Wisconsin Auto Title Loans, Inc. (Wisconsin Title) for the amount of $5,010.50 at an annual rate of 150% which was secured by her vehicle.

Debtor was unable to pay off the loan and her brother, Todd A. Spangler paid the loan off on March 17, 2009. Debtor did not receive the title documents releasing the lien from Wisconsin Title until September 2009.

The total amount of encumbrance owing to her brother on the vehicle is $5,648.82.

During this time, Todd A. Spangler was also helping her to make her payments on her homestead.

Schedule D of the Petition is in error and should reflect that Todd Spangler's lien on the vehicle should be $5,648.82, the amount he paid to release Wisconsin Title's lien, and not $19,000.00.

Debtor is not certain that her estimation of the value of the vehicle at $15,000.00 on Schedule C is correct, and believes that the vehicle should be appraised.

**Issue**

Can Debtor claim an exemption in her 2006 H3 Hummer?

Answer: Yes

Ordinarily, property cannot be exempted from the bankruptcy estate to the extent it is encumbered by a consensual lien or security interest.  In re Soost 262 B.R 68,69 (8th Cir. BAP, 2001)

Debtor claimed an exemption on her vehicle pursuant to Minnesota Statute Section 550.37 (12 a) Minnesota.  Minnesota Statute 550.37 (21) defines value for purposes of 550.37 as current fair market value.  However, our court In re Setley 11 B.R. 106 (BKRY D. Minn. 1981) held that exempting one motor vehicle to the extent of value not exceeding $2000.00 refers to the debtor's equity and not fair market value.  Here the case seems at odds with the clear meaning of the MN STAT 550.37 (21)

Exemptions claimed under Bankruptcy Code must be construed liberally in favor of the debtor and strictly against the creditor in order to effectuate the fresh start ethos underlying the Code. Jurgensen v. Chalmers 248 B.R. 94 (W.D Mich. 2000) In re Vaillancourt 260 B.R. 66

(BKRY D.N.H 2001) The federal exemption scheme reflects a federal intent in seeing that a debtor who petitions the bankruptcy court for relief comes out with adequate possessions to begin a fresh start.  In re A.D.L 557 SE 2d 489 (GA app 2001)

Here, the debtor's only source of income at present time is her Veteran's disability.  She is in need of her vehicle to get around and make her medical appointments.

Indeed, several jurisdictions have held that Debtor's interest in property is not extinguished by his lack of equity, and therefore debtor may claim exemption in property as to which he has no equity.  In re Chesonon 25 BR 222 (BKRY D. Conn. 1982)  Matter of Sherbahn 170 B.R. 137 (BKRY  N. D. Ind. 1994) In re Esler 165 BR 583, (BKRY D. Md. 1994)

As noted above, Schedule D of Debtor's Petition was in error because her brother's total encumbrance on the vehicle is $5,648.82, which is the amount he paid to retire Wisconsin Title's lien on March 17, 2009.  Accordingly, Schedule D should reflect Todd Spangler's lien interest as $5,648.82.

Debtor maintains that the transfer of a security interest made to Todd Spangler was made to be a contemporaneous exchange for new value given to the debtor and in fact a substantially contemporaneous exchange. 11 USC Section 547 (c) (1). Here, Todd Spangler retired a debt on the vehicle that was incurring interest at 150%. Because the Debtor did not receive the release of the Wisconsin Title lien until September 2009, the lien interest on the new title was not filed until October 2009.

Further, debtor argues that the transfer was in payment of a debt incurred by the debtor in the ordinary course of business of financial affairs of the debtor and the transferee.  11 USC Section 547 (c) (2)

Accordingly, the Trustee may not avoid the valid lien interest of Todd A. Spangler, and indeed the Debtor has equity in the property. Although the Debtor believes the vehicle should be appraised, for argument's sake there is equity in the approximate amount of $9,351.18 ($15,000.00 - $5,648.82)

For the reasons cited above, Debtor maintains that she has an equity interest in the vehicle and respectfully requests the court for an order denying Trustee's motion and allowing Debtor to amend Schedule C and D as to the value of the vehicle and lien interest of Todd A. Spangler.

Dated: <u>March 11, 2010</u>                                   _____

/e/ James R. Doran #23681
416 East Hennepin, #115
Minneapolis MN 55414
Tel: 612-379-5378
Fax: 612-379-5353
E-mail: wexf@hotmail.com
Attorney for Debtor